UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:07CV-P13-H

**VINCENT D. ADAMS**                                                                    **PLAINTIFF**

v.

**UNITED STATES DISTRICT COURT WESTERN DISTRICT**          **DEFENDANT**

**MEMORANDUM OPINION**

Plaintiff Vincent D. Adams, an inmate at the Eastern Kentucky Correctional Complex ("EKCC"), filed a *pro se* complaint against the United States District Court for the Western District of Kentucky, alleging that, as of the date of filing his complaint, the Court owes him a refund of $132.26, based on a mandate of the Sixth Circuit Court of Appeals. For the reasons that follow, the instant action will be dismissed.

I.

Plaintiff filed the instant action on a "Small Claims Complaint" form from the Commonwealth of Kentucky. As Defendant, he names the United States District Court Western District, and as relief, he claims the sum of $132.26 in damages. Plaintiff claims that EKCC collected money from his inmate account for the filing fees in Civil Action No. 3:02CV-P403-H and Appeal No. 03-5413. According to Plaintiff,

> These monies were collected and mailed to the United States District Court, Western District of Kentucky at Louisville from a period extending from the date of July 14th, 2003, on up to June 8th, 2006. These monies have been kept by the Defendant in spite of the "Mandate" from the United States Court of Appeals for the Sixth Circuit that was filed on February 24th, 2004 which states as far as cost: "NONE", and also as far as a filing fee, no amount is listed.

As background, the Court notes that Plaintiff previously filed suit in this Court under 42 U.S.C. § 1983 against a state court judge and an assistant public defender. *See Adams v. Morris et al.*, Civil Action No. 3:02CV-P403-H. The Court granted Plaintiff's application to proceed without prepayment of fees and directed the institution in which he was housed to collect the $150.00 district court filing fee from Plaintiff's prison trust account under an installment plan in accordance with 28 U.S.C. § 1915(b) and then to forward said payments to the Court. Thereafter, upon initial review of the complaint under 28 U.S.C. § 1915A, the Court dismissed the action, and Plaintiff filed an appeal. The Court granted Plaintiff's application to proceed on appeal without prepayment of fees and again directed the institution in which Plaintiff was being housed to collect the $105.00 appellate filing fee from Plaintiff's prison trust account under an installment plan and to send the installment payments to the Court. By mandate issued February 24, 2004, the Sixth Circuit Court of Appeals affirmed this Court's decision.

## II.

Rule 8 of the Federal Rules of Civil Procedure provides, in part, that "[a] pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the grounds upon which the court's jurisdiction depends. . . ." Fed. R. Civ. P. 8(a)(1). Without jurisdiction, courts have no power to act. *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of

merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).

Plaintiff has not met his burden of establishing the jurisdiction of this federal Court. Indeed, Plaintiff filed his complaint on a state-court form for filing a small claims complaint in the Commonwealth of Kentucky.

Even if the Court were to construe Plaintiff's action as a *Bivens* action, the complaint would fail. A *Bivens* claim is a judicially created counterpart to a 42 U.S.C. § 1983 civil rights action and is properly brought only against federal officials in their individual capacities who have allegedly denied a plaintiff's constitutional rights. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 390-97 (1971); *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994) ("An extension of *Bivens* to agencies of the Federal Government is not supported by the logic of *Bivens* itself."). Because a *Bivens* cause of action may be brought only against federal defendants in their individual capacities and since Plaintiff has alleged no constitutional violation, a *Bivens* action is not cognizable.

Similarly, any claim under the Federal Tort Claims Act ("FTCA"), *see* 28 U.S.C. §§ 1346(b)(1), 2671 *et seq.*, is without merit, as such a claim must be brought directly against the United States. 28 U.S.C. § 2679(a); *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990) ("Failure to name the United States as defendant in an FTCA suit results in a fatal lack of jurisdiction."). Since Plaintiff named only this Court as Defendant, the Court has no jurisdiction over any FTCA claim.

As the Court can discern no viable federal claim which could serve as the basis of its jurisdiction, the complaint will be dismissed.

The Court notes, however, that although Plaintiff filed a "Small Claims Complaint," it appears that his plaint against this Court is more in the nature of a motion for reconsideration of the Court's prior assessment of the district and appellate court filing fees against him in Civil Action No. 3:02CV-P403-H or a motion for refund of the filing fees in that prior action. Should Plaintiff seek review of those filing fee orders, he must file the appropriate motion in the prior action and must clearly identify his filing.

Because Plaintiff's challenge against this Court is more in the nature of a motion for reconsideration or refund rather than a new complaint, the Court will deny the application to proceed without prepayment of fees as moot. The Court, nonetheless, concludes that any appeal *in forma pauperis* would be frivolous and not taken in good faith. Thus, should Plaintiff file an appeal of this decision, the Court will assess any appellate filing fees against Plaintiff as required under the Federal Rules of Appellate Procedure and 28 U.S.C. § 1915.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc: Plaintiff, *pro se*
4412.005